IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE DAVIS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:03-CV-2880-D |
| VS. § | |
| § | |
| AMERICAN HOME PRODUCTS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move to remand this action to state court, contending the parties are not completely diverse citizens and that the three Texas defendants are properly joined. The court need not address potentially-unsettled questions concerning the impact of the common defense rule in determining whether this case was removable. Plaintiffs' motion turns on a straightforward determination of whether defendants have carried their heavy burden of establishing the improper joinder of one Texas defendant. Concluding they have not, the court grants plaintiffs' motion and remands this case to state court.

I

This is one in a number of lawsuits that have arisen from the administration of vaccinations that contained the preservative Thimerosal. Plaintiffs Steve Davis and Regina Davis (collectively, "plaintiffs"), individually and as next friend of Tyler Davis ("Tyler"), sue defendants American Home Products d/b/a Wyeth, Wyeth Laboratories, Wyeth-Ayerst, Wyeth-Ayerst Laboratories, Wyeth Lederle, Wyeth Lederle Vaccines, and Lederle Laboratories; Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratories, Inc., Pasteur Merieux, and Pasteur Merieux Connaught; GlaxoSmithKline, individually and as successor in interest to

SmithKlineBeecham Corp.; Merck & Co., Inc.; Baxter International, Inc., individually and as successor in interest to North American Vaccine, Inc.; Dow Chemical Company; Eli Lilly and Company ("Lilly"); Sigma Aldrich; Oribi, Inc., individually and d/b/a Meridian Chemical & Equipment, Inc., and d/b/a Global Fine Chemicals, and d/b/a National Association of Compounding Pharmacists ("Oribi"); White Rock Pediatrics, P.A. ("White Rock"), and Cecelia Etheridge, M.D. ("Dr. Etheridge").  They maintain that defendants are liable on various theories arising from Tyler's exposure to very high doses of mercury through several vaccinations administered between 1997 and 2001 that contained Thimerosal.  Plaintiffs allege that Tyler suffers from autism, a neurological developmental disorder, caused by this exposure.  They sue all defendants except White Rock and Dr. Etheridge on theories of strict product liability (design defect, manufacturing defect, and marketing defect), negligence, breach of warranty, fraud/misrepresentation, and civil conspiracy. Plaintiffs assert claims for negligence and fraudulent concealment against White Rock and Dr. Etheridge.

Defendants removed this case based on diversity of citizenship.  Because Oribi, White Rock, and Dr. Etheridge are Texas citizens, defendants contend these three defendants were improperly joined.  Plaintiffs move to remand, asserting they were properly joined and that the court lacks diversity jurisdiction.

Plaintiffs filed their motion on December 23, 2003.  At the parties' request, the court on June 4, 2004 stayed consideration of the motion (and the pending motions to dismiss) while awaiting entry of the mandate in *Collins v. American Home Products Corp.*, 343 F.3d 765 (5th Cir. 2003),

*cert. denied*, 2005 WL 875941 (U.S. Apr. 18, 2005) (No. 04-674).[1]  The court has received supplemental briefing, and the motion is ripe for decision.

II

Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806).  This means that no plaintiff can be a citizen of the same state as even one defendant.  Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction by a citizen of the state in which the action is brought.  If a defendant has been improperly joined, however, the citizenship of that party is disregarded for purposes of determining diversity and applying § 1441(b).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 2005 WL 876004 (U.S. Apr. 18, 2005) (No. 04-831).  Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court.  *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative (the one at issue in this case),

> the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

---

[1] As it turns out, *Collins* does not control the court's disposition of plaintiffs' motion.

*Id.* There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. . . . The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The decision to conduct such an inquiry rests within the discretion of the trial court and "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. As noted, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

III

The court need only decide whether defendants have met their heavy burden of demonstrating that defendant Oribi was improperly joined. Plaintiffs allege in their state court petition that "Oribi, Inc. is a proper defendant in this case in that it distributed one or more of the vaccines or component parts of the vaccines in question." Pet. at 4. Defendant Lilly maintains in opposition to plaintiffs' remand motion (and other defendants urge in supplemental briefing) that Oribi was improperly joined because the evidence establishes that Oribi never supplied component parts of vaccines to any defendant, Oribi does not supply Thimerosal to vaccine manufacturers, its Thimerosal business was limited to acting as a repackager, it did not sell Thimerosal to pharmaceutical companies that manufacture vaccines, it has never distributed vaccines, including those containing Thimerosal, and it did not sell or distribute Thimerosal to individual health care

providers or health care clinics.  *See* Lilly Jan. 12, 2004 Opposition at 4 (citing John Rains ("Rains") Aff.).[2]

Although some judges have concluded that Oribi was improperly joined, *see, e.g., Sanchez v. American Home Products*, No. L-03-192, slip op. at 3 (S.D. Tex. Sept. 30, 2004) (Kazen, J.), others, including a member of this court, have held that the removing defendants failed to establish the improper joinder of Oribi, *see, e.g., Tenbrook v. American Home Products*, 2004 WL 2208480, at *5 (N.D. Tex. Sept. 30, 2004) (Solis, J.), *recons. denied*, 2005 WL 767723 (Apr. 1, 2005); *Galindo v. American Home Products*, No. H-03-5520, slip op. at 17 (S.D. Tex. Feb. 10, 2004) (Lake, J.).  The Rains affidavit that defendants rely on in the present case is the same one that was filed in *Tenbrook*.[3]  Assessing the evidence before him under both the Rule 12(b)(6) and summary-procedure standards, Judge Solis reasoned:

> In this case, Plaintiffs' complaint more than meets the standard to survive a Rule 12(b)(6)-type analysis.  However, even were the Court to pierce the pleadings and add the affidavit to its consideration, there would still be a lack of evidence for improper joinder.  When determining improper joinder, the district court must evaluate the plaintiff's factual allegations in the light most favorable to the plaintiff and resolve all contested issues of substantive fact in favor of the plaintiff. . . .  Indeed, if there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the cause must be remanded.  The court's

---

[2]Lilly cites "Exhibit H" to the notice of removal.  The December 1, 2003 notice of removal does not contain an "Exhibit H."  The amended notice of removal filed December 19, 2003 adopted the prior exhibits by reference.  The Rains affidavit contained in Lilly's appendix, and on which the court relies, is the one dated November 19, 2003.

[3]The court has compared Lilly's appendix filed January 12, 2004 in *Tenbrook* with the appendix filed the same day in the present case.  Except for differences attributable to the fact that they relate to different lawsuits, the appendixes appear to be the same.  The Rains affidavit included in each appendix is identical.

> examination should not focus on whether the plaintiff will or is likely to prevail on the merits of the claim, but rather on whether there exists *any* possibility that the plaintiff might do so. After viewing the evidence in a light most favorable to Plaintiffs, the Court is not convinced that Plaintiffs improperly joined Oribi. While the affidavit illustrates strong arguments for the Defendants, more evidence could be presented through the discovery process that might alter the current findings. The present time however, is not the forum to conduct this inquiry.

*Id.* at *5 (citations, internal quotation marks, emphasis, and brackets omitted).

To deny plaintiffs' motion to remand in the present case, the court would be required to disagree explicitly with Judge Solis' assessment of the same evidence.[4] The court is quite hesitant to do so under the circumstances presented here, where the proof is identical in both cases and the defendants carry a heavy burden of establishing improper joinder. Were the court to deny the remand motion,[5] the plaintiffs in this case would be required to litigate in federal court whereas the plaintiffs in *Tenbrook* would be able to litigate in their chosen state-court forum, despite the essentially-identical nature of the facts and procedural postures of each. In these circumstances, the court opts to follow the relevant holding of *Tenbrook* and grant plaintiffs' motion.

---

[4]In their January 14, 2005 supplemental memorandum, defendants assert that the Rains affidavit in *Sanchez* is "identical to the affidavit submitted in this case." Ds. Jan. 14, 2005 Supp. Mem. at [2]. This contention is incorrect. The affidavit in *Sanchez*, which is attached as exhibit 1 to defendants' supplemental memorandum, is dated January 9, 2004, not, as in *Tenbrook* and the instant case, November 19, 2003, and it contains the following averments that are not included in the Rains affidavit submitted in *Tenbrook* and this case: (1) "Oribi, Inc. has never distributed any vaccines, let alone vaccines containing Thimerosal[,]" Ex. 1, ¶ 4; and (2) "Oribi, Inc. did not sell or distribute Thimerosal to individual health care providers or health care clinics[,] *id.* ¶ 6.

[5]For purposes of this reasoning, the court assumes *arguendo* that it would have agreed with defendants' contention that the common defense rule would be rendered inapposite by harmonizing the rule of *Smallwood* with the result of *Moss v. Merck & Co.*, 381 F.3d 501, 503-04 (5th Cir. 2004) (holding that Lilly is not a vaccine manufacturer within the meaning of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.*).

* * *

Plaintiffs' December 23, 2003 motion to remand is granted. The court concludes that it lacks subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the court remands the case to the 116th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

April 20, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE